MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: KATHLEEN A. ZEBROWSKI
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Telephone No.: (212) 637-2710
Fax Number : (212) 637-2717

**07 CV 6334**

JUDGE SCHEINDLIN

JUL 1 1 2007

U.S.D.C. S.D.N.Y
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

UNITED STATES OF AMERICA,

                              Plaintiff,

                - v. -

JUAN A. JIMENEZ,

                          Defendant.

------------------------------------------------------------------x

:

:       <u>VERIFIED COMPLAINT</u>

:       07 Civ.

:

:

Plaintiff United States of America (the "United States"), by and through its

attorney, Michael J. Garcia, United States Attorney for the Southern District of New York,

alleges upon information and belief that:

      1.      Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1345.

      2.      Defendant Juan A. Jimenez (the "defendant") resides at 1875 3rd Avenue,

Apt # 3 A, New York, NY 10029, within the Southern District of New York.

<u>FIRST CAUSE OF ACTION</u>

      3.      Defendant applied for and received a student loan from the lender whose

name is set out in the defendant's promissory note(s) evidencing the loan, copies of which are

annexed hereto as Exhibit A and incorporated herein.

      4.      Defendant defaulted on said note(s) and owes the amount said note(s) and

interest.

5.  The United States is the assignee and present holder of said note(s).

6.  The amount due and owing plaintiff by defendant on said note(s) is principal sum $14,860.16, plus interest in the amount of $14,477.07, as of July 9, 2007, (representing interest at the rate of 8.49 percent per annum on the sum of $9,263.80, and 8.00 percent per annum on the sum of $5,596.36).   Certificates of Indebtedness from the United States Department of Education are annexed hereto as Exhibit B and incorporated herein.

## SECOND CAUSE OF ACTION

7.  Plaintiff repeats and realleges the allegations contained in paragraphs numbered one through six.

8.  Plaintiff insured the aforementioned note(s) pursuant to Title IV of the Higher Education Act of 1965, Public Law 89-329.

9.  The lender made an insurance claim on the United States for the amount of the lender's loss arising from the defendant's default on said note(s), which claim has been paid by the United States to the lender.

10.  Plaintiff is entitled to be indemnified by defendant in the principal sum $14,860.16, plus interest in the amount of $14,477.07, as of July 9, 2007, (representing interest at the rate of 8.49 percent per annum on the sum of $9,263.80, and 8.00 percent per annum on the sum of $5,596.36).

WHEREFORE, plaintiff demands judgment against defendant in the amount of $29,336.67 plus interest as provided by law to the date of judgment and interest from the date of judgment at the legal rate until paid in full, together with costs and disbursements and for such other and further relief as this Court deems just and proper.

Dated: New York, New York

July 5 , 2007

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for the Plaintiff

By: _____

KATHLEEN A. ZEBROWSKI
Assistant United States Attorney
86 Chambers Street
New York, New York  10007
Telephone No.:  (212) 637-2710

VERIFICATION

STATE OF NEW YORK            )
COUNTY OF NEW YORK           : ss.:
SOUTHERN DISTRICT OF NEW YORK )

KATHLEEN A. ZEBROWSKI, being duly sworn, deposes and says that she is an

Assistant United States Attorney in the office of Michael J. Garcia, United States Attorney for

the Southern District of New York, that she has read the foregoing complaint, and that the same

is true and accurate to the best of her knowledge and belief.

KATHLEEN A. ZEBROWSKI
Assistant United States Attorney

Sworn to before me this 5th

day of July, 2007

NOTARY PUBLIC

KATHY TAYLOR
Notary Public, State of New York
No. 01TA5077230
Qualified in Kings County
Commission Expires May 5, 2011

EXHIBIT A

UNITED STUDENT AID FUNDS, INC.

# Application and Promissory Note for a Stafford Loan

**WARNING** Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines or imprisonment under the United States Criminal Code and 20 USC 1097.

09490

SH- N-000000-01 D

## SECTION I — TO BE COMPLETED BY THE STUDENT — READ THE INSTRUCTIONS — TYPE OR PRINT IN INK

**1** Social Security Number
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

**2** Last Name, First, Middle Initial, Permanent Home Address
Jimenez, Juan, A.
1875 Third Avenue #3A
New York, NY 10029

**3** Birthdate
12-30-67

**4** Driver's License
N/A
State · Number

**5** Area Code/Telephone Number
212-876-5046

**6** US Citizenship Status (Check one)  XX 1 Citizen  ☐ 2 Eligible Non-Citizen   Alien ID Number

**7** References – You must provide 3 separate adult references with different addresses If your Lender requires a cosigner, make the cosigner your first reference. (Carefully read instructions )

| | | |
|---|---|---|
| Name Robert Coates | Name Loretsa KamFoon Leung | Name Elizabeth Ramirez |
| Street Address 1258 Aken Street | Street Address 1781 E. 14th Street | Street Address 1265 Olmstead Ave. |
| City, State, Zip Port Charlotte, FL 33950 | City, State, Zip Brooklyn, NY 11229 | City, State, Zip Bronx, NY 10462 |
| Telephone (813) 743-0630 | Telephone (718) 339-1114 | Telephone (212) 828-6205 |
| Employer Retired Judge Charlotte | Employer Proskauer Rose NYCity | Employer Unemployed |

**8** Intended Enrollment Status (Check one)
X 1 Full-time  ☐ 2 At least half-time

**9** Major Course of Study
05

**10** Requested Loan Amount
2625 00

**11** Loan Period For this Loan  From 11/91  To 6/92

**12** Have you ever defaulted on an education loan? (Check one) If yes, carefully read instructions and attach required documentation
☐ Yes  X No

**13** Do you have any unpaid Stafford Loans or a Consolidation Loan with a Stafford portion? (Check one) If yes, carefully read instructions, complete 13A through 13E If no, complete 13A through 13E with zeroes
X Yes  ☐ No

**13A** Total unpaid balance of your most recent Stafford Loan
1300.00

**13B** Use chart provided in instructions
3

**13C** Grade level of your most recent Stafford Loan

**13D** Beginning and ending dates of your most recent Stafford Loan  From 9/86  To 12/86

**13E** Total unpaid balance of all your Stafford Loans or any portion of your Stafford Loans included in a Consolidation Loan
1300.00

**14** Do you have any outstanding Stafford, PLUS or SLS Loans made for enrollment periods beginning before July 1, 1988 or a Consolidation Loan which repaid loans for enrollment periods beginning before such date?
X Yes  ☐ No

**15** Name and Address of Previous Lender, if any
American Savings
New York, NY

jose Gonzalez
3224 Grand Concourse #B43
Bronx, NY 10458  212-584-1740  NYCity Post Office

### Promissory Note for a Stafford Loan

**I. Promise To Pay.** I, the undersigned Borrower, promise to pay you or your order when this Note becomes due a sum certain equal to the loan amount I have requested in Section I, Item 10 of this Application or any lesser amount which will be disclosed to me in the Notice of Loan Guarantee and Disclosure Statement or the amount advanced to me, plus interest and any other charges which may become due as provided in Paragraph VI. My signature certifies I have read, understand and agree to the conditions and authorizations stated in the "Borrower Certification" printed on the reverse side and the legally required information highlighted in the Application Booklet

Notice to Student Terms of the Promissory Note continue on the reverse side Retain Copy D for your records

I understand this is a Promissory Note. I will not sign this Promissory Note before reading it, including the writing on the reverse side, even if otherwise advised As a Borrower, I am entitled to an exact copy of this Promissory Note, the Notice of Loan Guarantee and Disclosure Statement and any agreement I sign. By signing this Promissory Note I, the Borrower, acknowledge I have received an exact copy of this Note

**20A** x _Juan A. Jimenez_    10/31/91
Signature of Student Borrower    Date

## SECTION II — TO BE COMPLETED BY THE SCHOOL

**21** Name and Address of School

DeVry Technical Institute
479 Green Street
Woodbridge, NJ 07095

**22** School Code
009228

**23** Area Code/Telephone Number
908 634 7897

**24** Grade Level Code
1

**25** Anticipated Completion Date
Mo 10  Yr 93

**26** Enrollment Period Covered by Loan
Mo 11 Day 4 Yr 91  Mo 6 Day 19 Yr 92

**27** Family Adjusted Gross Income
13989 00

**28** Estimated Cost of Attendance for Loan Period
13488 00

**29** Estimated Financial Aid for Loan Period
4000 00

**30** Expected Family Contribution
2546 00

**31** Difference (28 minus the sum of 29 and 30)
6942 00

**32** Reduced Stafford Eligibility
.00

**33** Recommended Disbursement Date(s) must be completed
Mo 11 Day 21 Yr 91   Mo 2 Day 20 Yr 92

**34** I have read and understand the terms of the SCHOOL CERTIFICATION printed on the back of the Application.
Signature of Financial Aid Officer _Tracy Omara_
Type or Print Name and Title S M Levens, FAA
Date 11/20/91

## SECTION III — TO BE COMPLETED BY THE LENDER

**35**

**36** Name, City and State of Lending Institution
This application has been electronically transmitted by Whizkid

**37** Lender Code
807808

**38** Area Code/Telephone Number

**39** Loan Amount Approved
00

**40** Interest Rate

**41** Anticipated Disbursement Date(s)
Mo Day Yr   Mo Day Yr   Mo Day Yr

RECEIVED
DEC 03 1991

**42** Fee

**43** Authorized Lending Officer
Type or Print Name and Title
STUDENT LOAN SERVICES
Date

**44** For Lender Use Only

© Copyright 1991 United Student Aid Funds, Inc All Rights Reserved This form is to be used only by USA Funds or the Guarantor it serves as identified above

LENDER COPY A

# Additional Terms of the Promissory Note for a Stafford Loan

In this Note the words I, me, and my mean the Borrower identified in item 2 of Section 1 of the Application and any Cosigner of this Note. You, your and yours mean the Lender and any other Holder of this Note. I hereby give you or the Guarantor the authority to complete any incomplete blanks on this Note.

## II. Date Note Comes Due.
I will repay this loan 1) in periodic installments beginning no later than the end of my grace period as disclosed to me in the Notice of Loan Guarantee and Disclosure Statement, or 2) in full immediately if I fail to enroll at and attend the school which certified this Application for the academic period intended in whichcase I will not be eligible for a grace period. During the grace period I may request that repayment may begin before my grace period ends

## III. Interest.
I agree to pay an amount equivalent to simple interest on the unpaid principal balance from the date of disbursement until the entire principal sum and accrued interest are paid in full. However, the U S Secretary of Education (hereinafter the "Secretary") will pay the interest that accrues on this loan prior to repayment status and during any deferment, if it is determined that I qualify to have such payments made on my behalf under the regulations governing the Title IV, Part B of the Higher Education Act (hereinafter the "Act"). In the event that the interest on this loan is payable by the Secretary, neither you nor any other Holder of this Note may attempt to collect this interest from me. I may, however choose to pay this interest myself. Once the repayment status begins I will be responsible for payment of all interest which accrues on this loan. The Secretary will pay the interest that accrues during any period described under Deferment in this Promissory Note. The interest rate will be determined according to the following: (a) If I have an outstanding Stafford Loan(s) on the date I sign this Note, the applicable interest rate will be the same as the applicable interest rate on the most recent Stafford Loan(s), (b) If I have no outstanding Stafford Loan(s) but I do have an outstanding balance on any PLUS or Supplemental Loans for Students (SLS) made for enrollment periods beginning before July 1 1988 or on a Consolidation Loan which repaid loans made for enrollment period(s) beginning before such date, the applicable interest rate on this loan will be 8%, (c) Otherwise, the applicable interest rate on this loan will be 8% until the end of the fourth year of my repayment status and will be 10% beginning with the fifth year of my repayment status. The applicable interest rate will be identified on the Notice of Loan Guarantee and Disclosure Statement. I may also receive rebates of interest, if required by the Act, when the applicable interest rate is 10%. You may add accrued unpaid interest to the unpaid principal balance (capitalization) of this loan in accordance with regulations and policies of the Guarantor. All payments will be made to your address as specified on the Notice of Loan Guarantee and Disclosure Statement or to any other address of which you notify me

## IV. Origination and Guarantee Fees.
I will pay to you an origination fee not to exceed the percentage of the loan amount that is authorized by federal law. You will deduct this fee proportionately from each disbursement of principal of this loan. I will also pay you an amount equal to the guarantee fee that you are required to pay to the Guarantor for this loan. I am entitled to a refund of the origination and guarantee fee paid in respect to this Note if I pay back this Note in full within 120 days of disbursement or if I return the uncashed loan check to you. The amount of the origination and guarantee fees will be disclosed to me on the Notice of Loan Guarantee and Disclosure Statement

## V. Default.
I will be in default and you have the right to give me notice that the whole outstanding principal balance plus any unpaid interest I owe is due and payable at once if I fail to make an installment payment when due, or to meet other terms of the Prom...
under circumstances where the Guar...
intend to honor the obligation
loan repayable in monthly ins
installments. After sending suc
to take the outstanding balance
not prohibited by law, but not t
have a right to take because of
still be required to pay interest o
of default. You or the Guarantor
the information about the defau
following federal programs: Pell
nity Grant College Work-Study
Supplemental Loans for Studen
solidation Loan A default also m
for as described under Deferme
loan is referred for collection to

## VI. Late Charges and Collection Costs.
If any payment has not reached you within 10 days after its due date or if I fail to provide written evidence which verifies my eligibility to have the amount deferred as described under Deferment, Paragraph VIII, you may, if permitted by law, bill me for a late charge at the maximum rate permitted which shall not exceed six cents for each dollar of each late installment. If I fail to pay any amounts when they are due, I will pay all charges and other collection costs including the statutorily authorized fees of an outside attorney and court costs that are permitted by federal law and regulations for the collection of this loan, which you incur in collecting this loan. In case of accounts brought into repayment status as a result of the Guarantor performing supplemental preclaims assistance in accordance with §428(c)(6)(C) of the Act, I will be liable for such costs

## VII. Additional Agreements.
The proceeds of this loan will be sent to the school listed on my Application and be used only for education expenses. Any notice required to be given to me will be effective when mailed by first class mail to the latest address you have for me. Your failure to enforce or insist that I comply with any term of this Note is not a waiver of your rights. No provisions of this Note can be waived or modified except in writing. If the Guarantor is required under its guarantee to repay my loan(s) because I have defaulted, the Guarantor will become the owner of this Note and as my Creditor will have all the rights of the original Lender to enforce this Note against me. I understand that I must repay this Note even though I may be under 18 years of age. This Note is not effective until it is accepted by you. If the Borrower becomes totally and permanently disabled, or dies, his or her obligation to repay this loan will be cancelled. I agree to notify you of a change in my name, address or any applicable school enrollment status within 10 days. I have not made any false written statement with regard to the loan. If any provision of this Note is determined to be unenforceable or is prohibited by law, such provision shall be considered ineffective without invalidating the remaining provisions of this Note

## VIII. Deferment.
I am entitled to deferments under the Act, and its regulations. In order to receive a deferment, I must request the deferment and provide you with all documentation required to establish my eligibility. I understand that I must notify you when the condition entitling me to the deferment no longer exists. My eligibility for a deferment will be determined by the information provided in the Application Booklet or as amended by federal law

## IX. Repayment.
I will repay the total amount due on this Promissory Note in periodic installments, with interest on the unpaid balance from the due date of the Promissory Note until the loan is paid in full, unless the whole loan is due as described in Default, Paragraph V

I will repay this loan over a repayment period that generally lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply

1   If during the grace period, I request a shorter repayment period you may grant me a shorter period

2   You may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I — or, if both my spouse and I have Stafford, PLUS or SLS Program Loans outstanding, we — pay toward principal and interest at least $600 or the unpaid balance of all such loans (plus interest), whichever is less

3   If I qualify for postponement of my payments during any period described under Deferment Paragraph VIII ...
... or if you grant "forbearance,"
... ear periods mentioned above
... to this loan will be set forth in a
... you will provide to me, normally
... may grant me a forbearance for
... with other loans reflected on my
... delinquency which persists even
... bearance is granted in either of

... enalty, prepay all or any part of
... so, I will be entitled to a rebate

... and understand the Credit
... ation section of this Application

PAY TO THE ORDER OF UNITED
STUDENT AID FUNDS, INC.
without Recourse and without
warranty
CHEMICAL BANK

## BORROWER CE

I declare under penalty of perjury
following is true and correct. The ...
and correct to the best of my knowledge and belief and is made in good faith. I hereby authorize the school described in Section II to pay to the Lender any refund which may be due to me up to the amount of this loan. I hereby authorize any school which I may attend to release to the Lender, subsequent Holder, Guarantor, U S Department of Education, or their agents, any requested information pertinent to this loan (e g , employment, enrollment status, current address). The proceeds of any loan made as a result of this Application will be used for education expenses for the loan period covered by this Application and at the school described in Section II. I understand I must immediately repay any funds I receive which cannot reasonably be attributed to meeting my education expenses related to attendance at that school for the loan period covered by this Application. The total amount of loans I receive under the Stafford Loan Program, Title IV, Part B of the Higher Education Act of 1965, as amended will not exceed the allowable maximums. I am not now in default on a Perkins Loan

... Stafford Loan, a Federal Insured Student Loan, a PLUS/SLS Loan, an Income Contingent Loan or a Consolidation Loan unless I have otherwise indicated on this Application. I further certify that I do not owe a repayment on a Pell Grant, Byrd Scholarship, Supplemental Grant or State Student Incentive Grant. I authorize my Lender to issue a check covering the proceeds of my loan in full, or in part, made payable to me, or at the Lender's option jointly payable to me and the school, and sent to the school

I understand I will receive a Notice of Loan Guarantee and Disclosure Statement which identifies my loan amount (as determined by the Lender), the fee amounts, disbursement dates, grace period, interest rate and late charges. I understand and agree if the information on the Notice of Loan Guarantee and Disclosure Statement conflicts with the information on the Application and Promissory Note, the information on the Notice of Loan Guarantee and Disclosure Statement is controlling

PAY TO THE ORDER OF UNITED
STUDENT AID FUNDS, INC.
without Recourse and without
warranty
CHEMICAL BANK

THIS IS TO CERTIFY THAT
THIS IS A TRUE AND EXACT
COPY OF THE ORIGINAL.

AUTHORIZED SIGNATURE

DATE

UNITED STUDENT AID FUNDS, INC.
**Application and Promissory Note for a Stafford Loan**

JUN 29 1992

WARNING: Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines or imprisonment under the United States Criminal Code and 20 USC 1097.

08633     SM- N-000000-01 0

## SECTION I — TO BE COMPLETED BY THE STUDENT — READ THE INSTRUCTIONS — TYPE OR PRINT IN INK

**Social Security Number:** 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

**Last Name, First, Middle Initial, Permanent Home Address:**
Jimenez, Juan, A.
1875 Third Avenue #3A
New York, NY 10029

**Birthdate:** 12-30-67

**Area Code/Telephone Number:** 212-876-5066

**Driver's License:** State NY Number: none

**U.S. Citizenship Status (Check one):** X 1 Citizen   ☐ 2 Eligible Non-Citizen   Alien ID Number

**References — You must provide 3 separate references with different addresses. If your Lender requires a cosigner, make the cosigner your first reference.**

| | | |
|---|---|---|
| Name: Loretsa KamFoon Leung | Name: Robert Coates | Name: Jim Matus |
| Street Address: 1781 East 14th St. | Street Address: 1258 Aken Street | Street Address: 204 Spring Street |
| City State Zip: Brooklyn, NY 11229 | City State Zip: Port Charlotte, FL 33952 | City State Zip: New York, NY 10013 |
| Telephone: (718) 339-1114 | Telephone: (813) 743-0 30 | Telephone: (212) 966-7103 |
| Employer: Proskauer & Rose | Employer: Judge Charlotte, FL | Employer: Quality Music Studios |

**Intended Enrollment Status (Check one):** X 1 Full-time   ☐ 2 At least half-time

**Major Course of Study:** 05

**Requested Loan Amount:** 2625 00

**Loan Period For this Loan:** From 7/92 To 8/93

**Have you ever defaulted on an education loan? (Check one):** ☐ Yes   X No

**Do you have any unpaid Stafford Loans or a Consolidation Loan with a Stafford portion? (Check one):** X Yes   ☐ No

**Total unpaid balance of your most recent Stafford Loan:** 2625 00

**Use chart provided in instructions:** 2

**Grade level of your most recent Stafford Loan:** 1

**Beginning and ending dates of your most recent Stafford Loan:** From 11/91 6/92

**Total unpaid balance of all your Stafford Loans or any portion of your Stafford Loans included in a Consolidation Loan:** 3925 00

**Do you have any outstanding Stafford, PLUS or SLS Loans made for enrollment periods beginning before July 1, 1988 or a Consolidation Loan which repaid loans for enrollment periods beginning before such date?:** ☐ Yes   X No

**Name and Address of Previous Lender, if any:**
American Savings Bank &
2kens. Chemical Bank

Poor Source Original
Document Retained

## Promissory Note for a Stafford Loan

**I. Promise To Pay.** I, the undersigned Borrower, promise to pay you or your order when this Note becomes due a sum certain equal to the loan amount I have requested in Section I, Item 10 of this Application or any lesser amount which will be disclosed to me in the Notice of Loan Guarantee and Disclosure Statement or the amount advanced to me, plus interest and any other charges which may become due as provided in Paragraph VI. My signature certifies I have read, understand and agree to the conditions and authorizations stated in the "Borrower Certification" printed on the reverse side and the legally required information highlighted in the Application Booklet.

Notice to Student: Terms of the Promissory Note continue on the reverse side. Retain Copy D for your records.

I understand this is a Promissory Note. I will not sign this Promissory Note before reading it, including the writing on the reverse side, even if otherwise advised. As a Borrower, I am entitled to an exact copy of this Promissory Note, the Notice of Loan Guarantee and Disclosure Statement and any agreement I sign. By signing this Promissory Note I, the Borrower, acknowledge I have received an exact copy of this Note.

**Signature of Student Borrower:** X Juan G. Jimenez   **Date:** 5/28/92

## SECTION II — TO BE COMPLETED BY THE SCHOOL

**Name and Address of School:**
Drake Technical Institute
419 Green St.
Woodbridge NJ 07095

**School Code:** 0092286

**Area Code/Telephone Number:** (908) 634-1891

**Grade Level Code:** 2

**Anticipated Completion Date:** Mo 10 Yr 93

**Enrollment Period Covered by Loan:** Mo 7 Day 13 Yr 92 Mo 2 Day 26 Yr 93

**Family Adjusted Gross Income:** 5000 00

**Estimated Cost of Attendance for Loan Period:** 13280 00

**Estimated Financial Aid for Loan Period:** 6800 00

**Expected Family Contribution:** 0 00

**Difference (28 minus the sum of 29 and 30):** 6480 00

**Reduced Stafford Eligibility:** 00

**Recommended Disbursement Date(s):** Mo 6 Day 06 Yr 92   Mo 10 Day 16 Yr 92

**Signature of Financial Aid Officer:** [signature]

**Type or Print Name And Title:** CAROL SORVINO, FAA   **Date:** 6/16/92

## SECTION III — TO BE COMPLETED BY THE LENDER

**Name, City and State of Lending Institution:**
This application has been electronically retransmitted by WhizKid

**Lender Code:** 801808

**Area Code/Telephone Number:**

**Loan Amount Approved:** 00

**Interest Rate:**

**Anticipated Disbursement Date(s):** Mo Day Yr   Mo Day Yr   Mo Day Yr

**Fee:**

**Authorized Lending Officer:**   **Type or Print Name and Title:**   **Date:**   **For Lender Use Only:**

© Copyright 1991 United Student Aid Funds, Inc. All Rights Reserved. This form is to be used only by USA Funds or the Guarantor it serves as certified above.     LENDER COPY A

## Additional Terms of the Promissory Note for a Stafford Loan

In this Note the words I, me, and my mean the Borrower identified in Item 2 of Section 1 of the Application and any Cosigner of this Note. You, your and yours mean the Lender and any other Holder of the Note. I hereby give you or the Guarantor the authority to complete any incomplete blanks on this Note.

**II. Date Note Comes Due.** I will repay this loan 1) in periodic installments beginning no later than the end of my grace period as disclosed to me in the Notice of Loan Guarantee and Disclosure Statement or 2) in full immediately if I fail to enroll at and attend the school which certified this Application for the academic period intended in which case I will not be eligible for a grace period. During the grace period I may request that repayment may begin before my grace period ends.

**III. Interest.** I agree to pay an amount equivalent to simple interest on the unpaid principal balance from the date of disbursement until the entire principal sum and accrued interest are paid in full. However the U.S. Secretary of Education (hereinafter the "Secretary") will pay the interest that accrues on this loan prior to repayment status and during any deferment if it is determined that I qualify to have such payments made on my behalf under the regulations governing the Title IV Part B of the Higher Education Act, hereinafter the "Act". In the event that the interest on this loan is payable by the Secretary neither you or any other Holder of this Note may attempt to collect this interest from me. I may, however, choose to pay this interest myself. Once the repayment status begins I will be responsible for payment of all interest which accrues on this loan. The Secretary will pay the interest that accrues during any period described under Deferment in this Promissory Note. The interest rate will be determined according to the following (a) if I have an outstanding Stafford Loan(s) on the date I sign this Note the applicable interest rate will be the same as the applicable interest rate on the most recent Stafford Loan(s), (b) if I have no outstanding Stafford Loan(s) but I do have an outstanding balance on any PLUS or Supplemental Loans for Students (SLS) made for enrollment periods beginning before July 1, 1988 or on a Consolidation Loan which repaid loans made for enrollment period(s) beginning before such date the applicable interest rate on this loan will be 8%. (c) Otherwise the applicable interest rate on this loan will be 8% until the end of the fourth year of my repayment status and will be 10% beginning with the fifth year of my repayment status. The applicable interest rate will be identified on the Notice of Loan Guarantee and Disclosure Statement. I may also receive rebates of interest if required by the Act when the applicable interest rate is 10%. You may add accrued unpaid interest to the unpaid principal balance (capitalization) of this loan in accordance with regulations and policies of the Guarantor. All payments will be made to your address as specified on the Notice of Loan Guarantee and Disclosure Statement or to any other address of which you notify me.

**IV. Origination and Guarantee Fees.** I will pay to you an origination fee not to exceed the percentage of the loan amount that is authorized by federal law. You will deduct this fee proportionately from each disbursement of principal of this loan. I will also pay you an amount equal to the guarantee fee that you are required to pay to the Guarantor for this loan. I am entitled to a refund of the origination and guarantee fee paid in respect to this Note if I pay back this Note in full within 120 days of disbursement or if I return the uncashed loan check to you. The amount of the origination and guarantee fees will be disclosed to me on the Notice of Loan Guarantee and Disclosure Statement.

**V. Default.** I will be in default and you have the right to give me notice that the whole outstanding principal balance plus any unpaid interest I owe is due and payable at once if I fail to make an installment payment when due or to meet other terms of the Promissory Note under circumstances where the Guarantor finds it reasonable to conclude that I no longer intend to honor the obligation to repay, provided that this failure persists for 180 days for a loan repayable in monthly installments or 240 days for a loan repayable in less frequent installments. After sending such notice to me you will have the right, without further notice, to take the outstanding balance out of my checking and/or savings account I have with you. If not prohibited by law but not out of the proceeds of any other property of mine which you have a right to take because of any other agreement between you and me. If I default I will still be required to pay interest on this loan as provided in Interest Paragraph III from the date of default. You or the Guarantor may disclose to schools I have attended or intend to attend the information about the default. I will be ineligible to receive assistance from any of the following federal programs: Pell Grant Byrd Scholarship Supplemental Education Opportunity Grant College Work-Study State Student Incentive Grant Perkins Loan Stafford Loan Supplemental Loans for Students (SLS) PLUS Loan Income Contingent Loan or a Consolidation Loan. A default also makes me ineligible for the benefits if any which I may qualify for as described under Deferment Paragraph VIII and under Interest Paragraph III. If this loan is referred for collection to any agency for collection I will pay collection costs.

**VI. Late Charges and Collection Costs.** If any is reached you within 10 days after its due date or if I fail to provide written verifies my eligibility to have the amount deferred as described under Deferment VIII you may, if permitted by law bill me for a late charge at the maximum which shall not exceed six cents for each dollar of each late installment. If amounts when they are due I will pay all charges and other collection costs statutorily authorized fees of an outside attorney and court costs that are permitted by law and regulations for the collection of this loan which you incur in collecting case of accounts brought into repayment status as a result of the Guarantor supplemental preclaims assistance in accordance with §428(c)(6)(C) of the Act for such costs.

**VII. Additional Agreements.** The proceeds of this loan will school listed on my Application and be used only for education expenses. Any to be given to me will be effective when mailed by first class mail to the latest have for me. Your failure to enforce or insist that I comply with any term of this waiver of your rights. No provisions of this Note can be waived or modified except if the Guarantor is required under its guarantee to repay my loan(s) because I the Guarantor will become the owner of this Note and as my Creditor will have the original Lender to enforce this Note against me. I understand that I must even though I may be under 18 years of age. This Note is not effective until t you. If the Borrower becomes totally and permanently disabled, or dies his or to repay this loan will be cancelled. I agree to notify you of a change in my name any applicable school enrollment status within 10 days. I have not made any statement with regard to the loan. If any provision of this Note is determined forceable or is prohibited by law such provision shall be considered ineffec invalidating the remaining provisions of this Note.

**VIII. Deferment.** I am entitled to deferments under the Act and its regulat to receive a deferment I must request the deferment and provide you with all co required to establish my eligibility. I understand that I must notify you when entitling me to the deferment no longer exists. My eligibility for a deferment mined by the information provided in the Application Booklet or as amended by

**IX. Repayment.** I will repay the total amount due on this Promiss periodic installments with interest on the unpaid balance from the due date of the Note until the loan is paid in full unless the whole loan is due as described Paragraph V

I will repay this loan over a repayment period that generally lasts at least 5 years than 10 years. However the following exceptions to these rules apply

1. If, during the grace period, I request a shorter repayment period you may shorter period

2. You may require a repayment period shorter than 5 years if this is necessar that during each year of the repayment period I — or if both my spouse Stafford PLUS or SLS Program Loans outstanding, we — pay toward or interest at least $600 or the unpaid balance of all such loans (plus interest) is less

3. If I qualify for postponement of my payments during any period descr Deferment Paragraph VIII. in the Promissory Note, or if you grant "for those periods will not be included in the 5- and 10-year periods mentioned

The particular terms and conditions of repayment that apply to this loan will be se separate document known as a Repayment Schedule, which you will provide to me just before the repayment period begins. I further agree you may grant me a forb the purpose of aligning the first payment date of this loan with other loans reflec Repayment Schedule or for the purpose of eliminating a delinquency which per though I am making regularly scheduled payments. If a forbearance is granted these two situations, you will capitalize any accrued interest

**X. Prepayment.** I may at my option and without penalty, prepay all or the principal or accrued interest of this loan at any time. If I do so I will be entitled of any unearned interest that I have paid

**XI. Credit Bureau Notification.** I have read and understand Bureau Notification information provided in the General Information section of this Booklet

---

Poor Source Original
Document Retained

## BORROWER CERTIFICATION

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. The information contained in this Application is true complete and correct to the best of my knowledge and belief and is made in good faith. I hereby authorize the school described in Section II to pay to the Lender any refund which may be due to me up to the amount of this loan. I hereby authorize any school which I may attend to release to the Lender subsequent Holder Guarantor U.S. Department of Education or their agents any requested information pertinent to this loan (e.g. employment enrollment status current address). The proceeds of any loan made as a result of this Application will be used for education expenses for the loan period covered by this Application and at the school described in Section II. If I understand I must immediately repay any funds I receive which cannot reasonably be attributed to meeting my education expenses related to attendance at that school for the loan period covered by this Application. The total amount of loans I receive under the Stafford Loan Program Title IV Part B of the Higher Education Act of 1965 as amended will not exceed the allowable maximums. I am not now in default on a Perkins Loan

Loan a Stafford Loan a Federal Insured Student Loan a PLUS/SLS Loan a Contingent Loan or a Consolidation Loan unless I have otherwise indicated on cation. I further certify that I do not owe a repayment on a Pell Grant Byrd Sch Supplemental Grant or State Student Incentive Grant. I authorize my Lender to issu covering the proceeds of my loan in full or in part made payable to me or at the option jointly payable to me and the school and sent to the school

I understand I will receive a Notice of Loan Guarantee and Disclosure Stateme identifies my loan amount (as determined by the Lender) the fee amounts disc dates grace period interest rate and late charges. I understand and agree if the in on the Notice of Loan Guarantee and Disclosure Statement conflicts with the inform the Application and Promissory Note the information on the Notice of Loan Guara Disclosure Statement is controlling

"I DECLARE UNDER PENALTY OF
PERJURY THAT THE FOREGOING IS
A TRUE AND CORRECT COPY OF
THE ORIGINAL PROMISSORY NOTES."

Edward F Strack    _Edward F Strack_
Vice President of Sallie Mae Servicing Corporation
Authorized agent for United Student Aid Funds, Inc
Dec 4 8-02

UNITED STUDENT AID FUNDS, INC.

Application and Promissory Note for a ☐ PLUS (Parent Loan)    ☒ SLS (Student Loan)    Check one    JUN 9 1992

WARNING: Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines or imprisonment under the United States Criminal Code and 20 USC 1097.    PL-0 N-000000-01

## SECTION IA — TO BE COMPLETED BY THE BORROWER — READ THE INSTRUCTIONS — TYPE OR PRINT IN INK

| 1 Social Security Number | 2 Last Name, First, M I, Permanent Home Address | 3 Birthdate |
|---|---|---|
| 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 | JIMENEZ JUAN A | 12/30/67 |
| | 1875 THIRD AVE #3A | 5 Area Code/Telephone |
| 4 Driver's License | NEW YORK NY 10029 | |
| State    Number    None | | 212-876-5 |

6 U.S Citizenship Status (Check one) ☒ 1 Citizen  ☐ 2 Eligible Non-Citizen    Alien ID Number

| 7 Requested Loan Amount | 8 Have you ever defaulted on an education loan? (Check one) If yes, carefully read instructions and attach required documentation. ☐ Yes ☒ No | 9 Do you have any prior unpaid PLUS/SLS Loans for the student identified in Section 1B? If yes information in 9A through 9D only for the student identified in 1B. If no, complete 9A through 9 ☒ Yes ☐ No |
|---|---|---|
| Y 4000.00 | | |

| 9A Unpaid balance of your most recent PLUS/SLS Loan | 9B Grade level of your most recent PLUS/SLS Loan | 9C Beginning and ending academic period dates of your most recent PLUS/SLS Loan | 9D Enter the total unpaid balance you owe on all your SLS Loans, or any portion of these loans included i Consolidation Loan for this student. (Read Instructio |
|---|---|---|---|
| 4000.00 | First Tri 1 | Mo 1 Yr 91    Mo 6 Yr 92 | 4000 |

10 Borrower References — You must provide 3 separate adult references with different addresses  If your Lender requires a cosigner make the cosigner your first reference. (Read

| Name Robert Coates | Name Loretsa KamFoon Leung | Name Joe T |
|---|---|---|
| Street Address 1258 Aken Street | Street Address 1781 E. 14th Street | Street Address 177-79 Alexan |
| City, State, Zip Port Charlotte,FL3395 | City, State, Zip Brooklyn, NY 11229 | City, State, Zip Bronx, NY |
| Telephone (818  743-0630 | Telephone ( 718-339-1114 | Telephone ( 212 484-6688 |
| Employer  Judge Charlotte | Employer  Proskauer Rose | Employer  Warner Bros. Re |

11 If you qualify for a deferment (read instructions carefully), do you wish to defer principal payments while the student is in school? ☒ Yes ☐ No

Poor Source Original
Document Retained

Promissory Note for a PLUS/SLS Loan

I. Promise To Pay  I, the undersigned Borrower promise to pay to you or your order when this Note becomes due a sum certain equal to the loan amount I have requested in Section 1, Item 7 of this Application or any lesser amount which will be disclosed to me in the Notice of Loan Guarantee and Disclosure Statement or the amount advanced to me, plus interest and any other charges which may become due as provided in Paragraph V My signature certifies I have read, under stand and agree to the conditions and authorizations stated in the "Borrower Certification" printed on the reverse side and the legally required information highlighted in the Application Booklet

Notice to Borrower: Terms of the Promissory Note continue on the reverse side Retain Copy D for your records.

I understand this is a Promissory Note. I will not sign this Promissory Note before read the writing on the reverse side, even if otherwise advised. As a Borrower, I am entitled to of this Promissory Note, the Notice of Loan Guarantee and Disclosure Statement and an sign. By signing this Promissory Note, the Borrower acknowledge I have received an this Note.

| 13A X Juan a Jimenez | 4/17/92 |
|---|---|
| Borrower Signature | Date |

## SECTION IB — TO BE COMPLETED BY THE STUDENT — READ THE INSTRUCTIONS

| 14 Social Security Number | 15 Last Name, First, M I | 16 Birthdate |
|---|---|---|
| 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 | JIMENEZ JUAN A | 12/30 |

| 17 U S Citizenship Status (Check one)    Alien ID Number | 18 Major Course of Study | 19 Academic Period for this Loan | 20 Enrollment Status (Ch |
|---|---|---|---|
| ☒ 1 Citizen ☐ 2 Non-Citizen Eligible | 05 | From 7 92 To 2 93 | ☒ 1 Full-Time ☐ 2 |

| 21 Are you a New Borrower as defined in the Instructions on Page 10? ☒ Yes ☐ No | | |
|---|---|---|
| 22 Have you ever defaulted on an education loan? (Check one) If yes, carefully read instructions and attach required documentation. ☐ Yes ☒ No | 23 Name of Previous Lender, If any CHEMICAL BANK | 807808 |

| 24 I have read and understand the terms of the STUDENT CERTIFICATION printed on the back of the Application | Signature of Student X Juan a Jimenez | Date 4/17 |
|---|---|---|

## SECTION II — TO BE COMPLETED BY THE SCHOOL

| 25 Name and Address of School | 26 School Code | 27 Area Code/Telephone Number | 28 Grade Le |
|---|---|---|---|
| DEVRY TECHNICAL INSTITUTE | 009228 | 908-634-7697 | 2 |
| NEW JERSEY | 29 Anticipated Completion Date Mo 10 Yr 93 | 30 Loan Period From Mo 7 Day 13 Yr 92 To Mo 2 |
| 479 GREEN STREET | | |
| WOODBRIDGE NJ 07095 | 31 Recommended Disbursement Dates Must be completed | Mo 10 Day 16 Yr 92    Mo 10 Day 16 Yr 92 | Mo Da |

| 32 Cost of Attendance for Loan Period | 33 Financial Aid for Loan Period | 34 Cost Less Aid (32 minus 33) | 35 Reduced SLS E |
|---|---|---|---|
| 13260.00 | 5425.00 | 7855.00 | |

| 36 I have read and understand the terms of the SCHOOL CERTIFICATION printed on the back of this Application | X Carol Serubio    Signature of Financial Aid Officer and Printed Name and Title CAROL SERUBIO FIN |
|---|---|

## SECTION III — TO BE COMPLETED BY THE LENDER

| 38 Name, City and State of Lending Institution | 39 Disbursement Dates Mo Day Yr | 40 Amount |
|---|---|---|
| CHEMICAL BANK STUDENT LOAN OPERATIONS 30 JERICHO QUADRANGLE JERICHO NY 11753 | | |
| | 41 First Payment Date | 42 Combine with previous loans? (Check one) ☐ Yes ☐ No | 43 Area Code/ Telephone Number 800-826-4936 | 44 N |
| | 45 ED Lender Code 807808 | 46 For Lender Use Only R P T 9 2 | |

| 47 Signature of Authorized Lending Officer | Type or Print Name and Title | Date |
|---|---|---|
| X | | |

© Copyright 1991 United Student Aid Funds, Inc  All Rights Reserved  This form is to be used only by USA Funds or the Guarantor it serves as identified above    LENDER COPY A

USA Funds Form 2615C 2/91 (P3)

# Additional Terms of the Promissory Note for a PLUS/SLS Loan

In this Note the words I, me, and my mean the Borrower identified in Item 2 of the Application and any Cosigner of this Note. You, your and yours mean the Lender and any other Holder of the Note. I hereby give you or the Guarantor the authority to complete any incomplete blanks on this Note.

## II. Date Note Comes Due.
This Note becomes due immediately subject to the following requirements for entering repayment. I will repay this loan in periodic installments which will begin 1) on the day identified in the Notice of Loan Guarantee and Disclosure Statement or 2) within 60 days of the last disbursement or 3) no later than 45 days after I cease to be eligible for any deferment of principal payments granted to me after the loan proceeds are advanced.

## III. Interest.
I agree to pay interest on the unpaid principal balance of this loan from the date you advance the loan until the date the loan is paid in full. My interest rate on this loan will be a variable rate never to exceed 12% adjustable annually equal to the bond equivalent rate of the 52-week Treasury Bills auctioned at the final auction held prior to June 1 plus 3.25 percent. This variable annual rate is determined by the Secretary of the United States Department of Education (hereinafter the "Secretary") in accordance with the Higher Education Act of 1965 as amended (hereinafter the "Act"). The rate is determined each year on June 1 and is applicable for any period beginning July 1 of each year and ending June 30 of the following year. The initial interest rate for this loan will be disclosed on the Notice of Loan Guarantee and Disclosure Statement. From the first disbursement date until the final disbursement date and during a deferment of principal payments, I agree either to pay the total interest accrued if any, or that the Lender may add such interest to the principal balance due to be repaid with interest, in installments. All payments will be made to your address indicated on the Notice of Loan Guarantee and Disclosure Statement or to any other address provided to me.

## IV. Guarantee Fees.
I will pay to you an amount equal to the guarantee fee which you are required to pay to the Guarantor for this loan. I am entitled to a refund of the guarantee fee paid in respect of this Note if I pay this Note in full within 120 days of disbursement or if I return the uncashed loan check to you. The amount of the guarantee fee will be disclosed to me on the Notice of Loan Guarantee and Disclosure Statement.

## V. Default.
I will be in default and you have the right to give me notice that the whole outstanding principal balance plus any unpaid interest owed is due and payable at once if I fail to make an installment payment when due or to meet other terms of this Note under circumstances where the Guarantor finds it reasonable to conclude I no longer intend to honor the obligation to repay, provided this failure persists for 80 days for a loan repayable in monthly installments or 240 days for a loan repayable in less frequent installments. After sending such notice to me, you will have the right without further notice to take the outstanding balance out of my checking and/or savings account I have with you, if not prohibited by law but not out of the proceeds on any other property of mine which you have the right to take because of any other agreement between you and me. If I default, I will still be required to pay interest on this loan as provided in Interest, Paragraph III from the date of default. You or the Guarantor may disclose to schools I have attended or intend to attend the information about the default. I will be ineligible to receive assistance from any of the following federal programs: Pell Grant, Byrd Scholarship, Supplemental Education Opportunity Grant, College Work-Study, State Student Incentive Grant, Perkins Loan, Stafford Loan, Supplemental Loans for Students (SLS), PLUS Loan, Income Contingent Loan or Consolidation Loan. A default also makes me ineligible for the benefits, if any, which I may qualify for as described under Deferment, Paragraph VIII and under Interest, Paragraph III. If this loan is referred to any agency for collection, I will pay collection costs.

## VI. Late Charges and Collection Costs.
If any payment has not reached you within 10 days after its due date or if I fail to provide written evidence which verifies my eligibility to have the amount deferred as described under Deferment, Paragraph VIII, you may, if permitted by law, bill me or charge at the maximum rate permitted which shall not exceed six cents for each dollar of each late installment. If I fail to pay any of these amounts when they are due, I will pay all charges and other collection costs, including

the statutorily authorized fees of an outside attorney and court costs that are permitted by federal law and regulations for the collection of this loan, which you incur in collecting this loan. In the case of accounts brought into repayment status as a result of the Guarantor performing supplemental preclaims assistance in accordance with §428(c)(5)(C) of the Act, I will be liable for such costs.

## VII. Additional Agreements.
The proceeds of this loan will be sent to the school listed on my Application and be used only for education expenses. Any notice required to be given to me will be effective when mailed by first class mail to the latest address you have for me. Your failure to enforce or insist that I comply with any term of this Note is not a waiver of your rights. No provisions of this Note can be waived or modified except in writing. If the Guarantor is required under its guarantee to repay my loan(s) because I have defaulted, the Guarantor will become the owner of this Note and as my Creditor will have all the rights of the original Lender to enforce this Note against me. I understand that I must repay this Note even though I may be under 18 years of age. This Note is not effective until it is accepted by you. If the Borrower becomes totally and permanently disabled or dies, his or her obligation to repay this loan will be cancelled. I agree to notify you of a change in my name, address or any applicable school enrollment status within 10 days. I have not made any false written statement with regard to the loan. If any provision of this Note is determined to be unenforceable or is prohibited by law, such provision shall be considered ineffective without invalidating the remaining provisions of this Note.

## VIII. Deferment.
I am entitled to deferments under the Act and its regulations. In order to receive a deferment, I must request the deferment and provide you with all documentation required to establish my eligibility. I understand that I must notify you when the condition entitling me to the deferment no longer exists. My eligibility for a deferment will be determined by the information provided in the Application Booklet or as amended by federal law.

## IX. Repayment.
I will repay the total amount due on this Note in periodic installments with interest on the unpaid balance from the due date of this Note until the loan is paid in full unless the whole loan is due as described in Default, Paragraph V.

I will repay this loan over a repayment period which generally lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply:

1. You may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period — or if both my spouse and I have Stafford PLUS or SLS Program Loans outstanding, we — pay toward principal and interest at least $600 or the unpaid balance of all such loans (plus interest), whichever is less.

2. If I qualify for postponement of my payments during any period described under Deferment, Paragraph VIII in this Note or if you grant forbearance, those periods will not be included in the 5- and 10-year periods mentioned above.

The particular terms and conditions of repayment which apply to this loan will be set forth in a separate document known as a Repayment Schedule which you will provide to me. Normally just before the repayment period begins I further agree you may grant me a forbearance for the purpose of aligning the first payment date of this loan with other loans reflected on my Repayment Schedule or for the purpose of eliminating a delinquency which persists even though I am making regularly scheduled payments. If a forbearance is granted in either of these two situations, you will capitalize any accrued interest.

## X. Prepayment.
I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest which I have paid.

## XI. Credit Bureau Notification.
I have read and understand the Credit Bureau Notification information provided in the General Information section of this Application Booklet.

Poor Source Original Document Retained

# Borrower Certification

By my signature on this Note I certify under penalty of perjury under the laws of the United States of America that the following is true and correct. The information contained in this Application is true, complete and correct to the best of my knowledge and belief and is made in good faith. If I am applying for a PLUS Loan as a parent I certify I am the natural or adoptive mother or father or legal guardian of the student named in Section 3. The proceeds of any loan made as a result of this Application and of the school described in Section 4 I understand that any funds I receive on behalf of the student named in Section 3 and is my dependent which cannot reasonably be attributed to meeting the education expenses of the student's stated attendance at the school named in Section 1 or the loan period stated must be returned immediately to the Lender. I authorize the Lender to issue a check covering the proceeds of my loan in full or in part made payable to me or to the Lender's option jointly payable to me and the school and sent to the school. If I am a Student Borrower I certify that the total amount of loans received under the PLUS/SLS Loan Programs of Title V Part B of

the Higher Education Act of 1965, as amended will not exceed the allowable maximums. The Lender is authorized to check my credit and employment history to determine my ability to repay this loan. I am not now in default on a Perkins Loan, a Federal Insured Student Loan, a Stafford Loan, a Health Education Assistance Loan, a PLUS/SLS Loan, an Income Contingent Loan or a Consolidation Loan unless I have otherwise indicated. I further certify I do not now owe a repayment on a Pell Grant, Byrd Scholarship, Supplemental Grant or State Student Incentive Grant.

I, the Borrower, understand I will receive a Notice of Loan Guarantee and Disclosure Statement which identifies my loan amount as determined by the Lender, the fee amounts, disbursement dates, grace period, interest rate, due dates and late charges. I understand and agree that if the information on the Notice of Loan Guarantee and Disclosure Statement conflicts with the information on the Application and Promissory Note, the information on the Notice of Loan Guarantee and Disclosure Statement is controlling.

# Student Certification

By my signature on this Note I certify under penalty of perjury under the laws of the United States of America that the following is true and correct. The information contained in this Application is true, complete and correct to the best of my knowledge and belief and is made in good faith. If this is an Application for a PLUS Loan, the Borrower identified in Section A is my natural or adoptive mother or father or legal guardian and to the best of my knowledge I am a dependent. If the Borrower identified in Section A for the purpose of securing student financial aid, I hereby authorize the school named in Section 1 to pay to the Lender named in Section II any refund which may be due to me up to the amount of this loan. I hereby

authorize any school that I may attend to release to you or the Guarantor, U.S. Department of Education or their agents any requested information pertinent to this loan (e.g. enrollment status, financial assistance, employment or current address). I am not now in default on a Perkins Loan, a Federal Insured Student Loan, a Stafford Loan, a Health Education Assistance Loan, a PLUS/SLS Loan, an Income Contingent Loan or a Consolidation Loan unless I have otherwise indicated. I do not now owe a repayment on a Pell Grant, Byrd Scholarship, Supplemental Grant or State Student Incentive Grant.

**NOTICE TO BORROWER AND COSIGNER: BY YOUR SIGNATURE ON THE OTHER SIDE OF THIS APPLICATION AND PROMISSORY NOTE YOU ARE AGREEING TO THE ABOVE TERMS AND CERTIFICATION.**

PAY TO USAF WITHOUT RECOURSE OR WARRANTY

POR: _Juan Jimenez_

FROM CHEMICAL BANK

BY _____ AS

AUTHORIZED SIGNATURE        TITLE

WE CERTIFY THAT THIS IS A TRUE
PHOTOCOPY OF THE ORIGINAL DOCUMENT:
CHEMICAL BANK

BY _____

UNITED STUDENT AID FUNDS, INC.

**Application and Promissory Note for a** ☐ PLUS (Parent Loan) ☒ SLS (Student Loan) Check one

**WARNING:** Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines or imprisonment under the United States Criminal Code and 20 USC 1097. **09488**

PL— N–000000–01

## SECTION IA — TO BE COMPLETED BY THE BORROWER — READ THE INSTRUCTIONS — TYPE OR PRINT IN INK

| 1 Social Security Number | 2 Last Name, First, M I, Permanent Home Address | 3 Birthdate |
|---|---|---|
| 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 | Jimenez, Juan, A.<br>1875 Third Avenue #3A<br>New York, NY 10029 | 12-30-67 |

| 4 Driver's License | | 5 Area Code/Telephone Num |
|---|---|---|
| State: N/A Number | | 212-876-5046 |

6 US Citizenship Status (Check one) ☒ 1 Citizen ☐ 2 Eligible Non-Citizen    Alien ID Number

| 7 Requested Loan Amount | 8 Have you ever defaulted on an education loan? (Check one) If yes, carefully read instructions and attach required documentation ☐ Yes ☒ No | 9 Do you have any prior unpaid PLUS/SLS Loans for the student identified in Section 1B? If yes, enter information in 9A through 9D only for the student identified in 1B. If no, complete 9A through 9D with ☐ Yes ☒ No |
|---|---|---|
| 4000.00 | | |

| 9A Unpaid balance of your most recent PLUS/SLS Loan | 9B Grade level of your most recent PLUS/SLS Loan | 9C Beginning and ending academic period dates of your most recent PLUS/SLS Loan. Mo Yr Mo Yr | 9D Enter the total unpaid balance you owe on all your prior SLS Loans, or any portion of these loans included in your Consolidation Loan for this student. (Read instructions.) |
|---|---|---|---|

10 Borrower References — You must provide 3 separate adult references with different addresses. If your Lender requires a cosigner make the cosigner your first reference. (Read instr

| Name: Robert Coates III | Name: Loretsa KamFoon Leung | Name: Elizabeth Ramirez |
|---|---|---|
| Street Address: 1258 Aken Street | Street Address: 1781 E. 14th Street | Street Address: 1265 Olmstead |
| City, State, Zip: Port Charlotte, FL 3395 | City, State, Zip: Brooklyn, NY 11229 | City, State, Zip: Bronx, NY 1046 |
| Telephone: (813) 743-0630 | Telephone: (718) 339-1114 | Telephone: (212) 828-6205 |
| Employer: Retired Judge, Charlotte | Employer: Proskauer Rose | Employer: Unemployed |

11 If you qualify for a deferment (read instructions, carefully), do you wish to defer principal payments while the student is in school? ☒ Yes ☐ No

RECEIVED

Poor Source Original
Document Retained

DEC 05 1991

STUDENT LOAN SERVICES

**Promissory Note for a PLUS/SLS Loan**

I, Promise To Pay. I, the undersigned Borrower promise to pay to you or your order when this Note becomes due a sum certain equal to the loan amount I have requested in Section 1, item 7 of this Application or any lesser amount which will be disclosed to me in the Notice of Loan Guarantee and Disclosure Statement or the amount advanced to me, plus interest and any other charges which may become due as provided in Paragraph VI. My signature certifies I have read, understand and agree to the conditions and authorizations stated in the "Borrower Certification" printed on the reverse side and the legally required information highlighted in the Application Booklet

Notice to Borrower: Terms of the Promissory Note continue on the reverse side. Retain Copy D for your records.

I understand this is a Promissory Note. I will not sign this Promissory Note before reading it the writing on the reverse side, even if otherwise advised. As a Borrower, I am entitled to an ex of this Promissory Note, the Notice of Loan Guarantee and Disclosure Statement and any agr sign. By signing this Promissory Note, I, the Borrower, acknowledge I have received an exac this Note

| 13A X *Juan A. Jimenez* | 10/31/91 |
|---|---|
| Borrower Signature | Date |

## SECTION IB — TO BE COMPLETED BY THE STUDENT — READ THE INSTRUCTIONS

| 14 Social Security Number | 15 Last Name, First, M I | 16 Birthdate |
|---|---|---|
| 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 | Jimenez, Juan, A. | 12-30- |

| 17 US Citizenship Status (Check one) Alien ID Number<br>☒ 1 Citizen ☐ 2 Non-Citizen Eligible | 18 Major Course of Study 05 | 19 Academic Period for this Loan From Mo Yr 1091 to Mo Yr 692 | 20 Enrollment Status (Check o At Le<br>☒ 1 Full-Time ☐ 2 Half- |
|---|---|---|---|

| 21 Are you a New Borrower as defined in the instructions on Page 10? ☐ Yes ☒ No | | |
|---|---|---|
| 22 Have you ever defaulted on an education loan? (Check one) If yes, carefully read instructions and attach required documentation ☐ Yes ☒ No | 23 Name of Previous Lender, if any<br>American Savings Bank New York NY | |

24 I have read and understand the terms on the back of this Application ☒ | Signature of Student X *Juan A. Jimenez* | Date 10/31

## SECTION II — TO BE COMPLETED BY THE SCHOOL

| 25 Name and Address of School | 26 School Code | 27 Area Code/Telephone Number | 28 Grade Level C |
|---|---|---|---|
| DeVry Technical Institute<br>479 Green Street<br>Woodbridge, NJ 07095 | 009228 | 908-6347897 | 1 |

| | 29 Anticipated Completion Date Mo Yr 1093 | 30 Loan Period From Mo Day Yr 11491 to Mo Day 6 19 |
|---|---|---|

| | 31 Recommended Disbursement Dates Must be completed | Mo Day Yr 112191 | Mo Day Yr 032092 | Mo Day Yr |
|---|---|---|---|---|

| 32 Cost of Attendance for Loan Period 13488 .00 | 33 Financial Aid for Loan Period 2625 .00 | 34 Cost Less Aid (32 minus 33) 10863 .00 | 35 Reduced SLS Eligibi |
|---|---|---|---|

36 I have read and understand the terms of the SCHOOL CERTIFICATION printed on the back of this Application. X *[signature]* | Signature of Financial Aid Officer and Printed Name and Title *Sam Lubbas FAA* | Date 11/20/

## SECTION III — TO BE COMPLETED BY THE LENDER

| 38 Name, City and State of Lending Institution | 39 Disbursement Dates Mo Day Yr Mo Day Yr Mo Day Yr | 40 Amount Lender |
|---|---|---|
| *Chemical* This application has been electronically transmitted by Whizkid | 41 First Payment Date Mo Day Yr | |
| | 42 Combine with previous loans? (Check one) ☐ Yes ☐ No | 43 Area Code/Telephone Number | 44 No of Repay Term |

| 45 ED Lender Code 807808 | 46 For Lender Use Only |
|---|---|

47 Signature of Authorized Lending Officer V | Type or Print Name and Title | Date

(Funds Form 2615C 2/91 (P2)

# Additional Terms of the Promissory Note for a PLUS/SLS Loan

In this Note the words I, me, and my mean the Borrower identified in item 2 of the Application and any Cosigner of this Note. You, your and yours mean the Lender and any other Holder of the Note. I hereby give you or the Guarantor the authority to complete any incomplete blanks on this Note.

## II. Date Note Comes Due.
This Note becomes due immediately subject to the following requirements for entering repayment. I will repay this loan in periodic installments which will begin 1) on the day identified in the Notice of Loan Guarantee and Disclosure Statement or 2) within 60 days of the last disbursement or 3) no later than 45 days after I cease to be eligible for any deferment of principal payments granted to me after the loan proceeds are advanced.

## III. Interest.
I agree to pay interest on the unpaid principal balance of this loan from the date you advance the loan until the date the loan is paid in full. My interest rate on this loan will be a variable rate never to exceed 12% ... the 52-week Treasury Bills auctioned at the final auction held prior to June 1 plus 3.25 percent. This variable annual rate is determined by the Secretary of the United States Department of Education (hereinafter the Secretary) in accordance with the Higher Education Act of 1965, as amended (hereinafter the Act). ...

## IV. Guarantee Fees.
I will pay to you an amount equal to the guarantee fee which you are required to pay to the Guarantor for this loan. I am entitled to a refund of the guarantee fee paid in respect to this Note if I pay this Note in full within 120 days of disbursement or if I return the unused loan check to you. The amount of the guarantee fee will be disclosed to me on the Notice of Loan Guarantee and Disclosure Statement.

## V. Default.
I will be in default and you have the right to give me notice that the whole outstanding principal balance plus any unpaid interest owed is due and payable at once if I fail to make an installment payment when due ...

## VI. Late Charges and Collection Costs.
If any payment has not reached you within 10 days after its due date or if I fail to provide written evidence which verifies my eligibility to have the amount deferred as described under Deferment Paragraph VIII, you may, if permitted by law, bill me for a late charge ...

## VII. Additional Agreements.
The proceeds of this loan will be sent to the school listed on my Application and be used only for education expenses ...

## VIII. Deferment.
I am entitled to deferments under the Act and its regulations. In order to receive a deferment I must request the deferment and provide you with all documentation required to establish my eligibility ...

## IX. Repayment.
I will repay the total amount due on this Note in periodic installments with interest on the unpaid balance from the due date of this Note until the loan is paid in full unless the whole loan is due as described in Default Paragraph V.

I will repay this loan over a repayment period which generally lasts at least 5 years but no more than 10 years. However the following exceptions to these rules apply

1. You may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I—or if both my spouse and I have Stafford, PLUS or SLS Program Loans outstanding, we—pay toward principal and interest at least $600 or the unpaid balance of all such loans (plus interest), whichever is less.

2. If I qualify for postponement of my payments during any period described under Deferment Paragraph VIII in this Note or if you grant forbearance those periods will not be included in the 5- and 10-year periods mentioned above

## X. Prepayment.
I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest which I have paid.

## XI. Credit Bureau Notification.
I have read and understand the Credit Bureau Notification information provided in the General Information section of this Application Booklet.

## Borrower Certification
By my signature on this Note I certify under penalty of perjury under the laws of the United States of America that the following is true and correct ...

Poor Source Original Document Retained

## Student Certification
By my signature on this Note I certify under penalty of perjury under the laws of the United States of America that the following is true and correct ...

NOTICE TO BORROWER AND COSIGNER  BY YOUR SIGNATURE ON THE OTHER SIDE OF THIS APPLICATION AND PROMISSORY NOTE YOU ARE AGREEING TO THE ABOVE TERMS AND CERTIFICATION.

I DECLARE UNDER PENALTY OF
PERJURY THAT THE FOREGOING IS
A TRUE AND CORRECT COPY OF
THE ORIGINAL PROMISSORY NOTE.

Edward F. Strack          _Edward P Strack_
Vice President of Sallie Mae Servicing Corporation
Authorized agent for United Student Aid Funds, Inc.
Date   4-8-03

PAY TO USAF WITHOUT RECOURSE OR WARRANTY

              JUAN  JIMENEZ

FOR:
FROM   CHEMICALBANK

BY _____ AVP

   AUTHORIZED SIGNATURE          TITLE

THIS IS TO CERTIFY THAT
THIS IS A TRUE AND EXACT
COPY OF THE ORIGINAL

AUTHORIZED SIGNATURE
   5/16/94
DATE

EXHIBIT B

# U. S. DEPARTMENT OF EDUCATION
# SAN FRANCISCO, CALIFORNIA

## CERTIFICATE OF INDEBTEDNESS #1 OF 2

Juan A. Jimenez
1875 3rd Avenue Apt. 3A
New York, NY  10029-5461
Account No:  108584369

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 05/08/07.

On or about 10/31/91 and 05/28/92, the borrower executed promissory note(s) to secure loan(s) of $2,625.00 and $2,625.00, from Chemical Bank at 8.00 percent interest per annum.  This loan obligation was guaranteed by United Student Aid Funds and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et. seq. (34 CFR Part 682).  The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s).  The borrower defaulted on the obligation on 10/09/93, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $5,596.36 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement.  Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal.  The guarantor attempted to collect this debt from the borrower.  The guarantor was unable to collect the full amount due, and on 05/22/02, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance.  After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal | $5,596.36 |
| Interest: | $5,558.18 |
| Total debt as of 05/08/07: | $11,154.54 |

Interest accrues on the principal shown here at the rate of $1.23 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 5/17/07

Loan Analyst
Litigation Support

# U. S. DEPARTMENT OF EDUCATION
## SAN FRANCISCO, CALIFORNIA

### CERTIFICATE OF INDEBTEDNESS #2 OF 2

Juan A. Jimenez
1875 3rd Avenue Apt. 3A
New York, NY  10029-5461
Account No:  108584369

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 05/08/07.

On or about 10/31/91 and 04/17/92, the borrower executed promissory note(s) to secure loan(s) of $4,000.00 and $4,000.00, from Chemical Bank at a variable rate of interest to be established annually by the Department of Education.  This loan obligation was guaranteed by United Student Aid Funds and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et. seq. (34 CFR Part 682).  The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s).  The borrower defaulted on the obligation on 07/07/93 and 07/08/93, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $9,263.80 to the holder.  The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement.  Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on default claim, the entire amount paid becomes due to the guarantor as principal.  The guarantor attempted to collect the debt from the borrower.  The guarantor was unable to collect the full amount due, and on 05/22/02, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any.  After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal | $9,263.80 |
| Interest: | $8,915.51 |
| Administrative/Collection Costs: | $0.00 |
| Late Fees: | $0.00 |
| Total debt as of 05/08/07: | $18,179.31 |

Interest accrues on the principal shown here at the current rate of 8.49% and a daily rate of $2.15 through June 30, 2007, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 5/17/07

Loan Analyst
Litigation Support